IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Armando Despaigne Zulveta, ) | |
| ) | Civil Action No. 6:15-2880-HMH-KFM |
| Plaintiff, ) | |
| ) | **REPORT OF MAGISTRATE JUDGE** |
| vs. ) | |
| ) | |
| State Automobile Mutual Insurance, ) | |
| Company; Philpot Law Firm, PA; ) | |
| TC Unlimited, Inc.; Steadman Hawkins ) | |
| Clinic of the Carolinas; Wilson, Jones, ) | |
| Carter, & Baxley, PA; Robert P. ) | |
| Restrepo, Jr.; Stephen R. Bruner; ) | |
| Irvin H Philpot, III; Tim Case; ) | |
| Curtis Elliott; and Wesley J. Shull; ) | |
| ) | |
| Defendants. ) | |
| ) | |

      This matter is before the court on the motion for leave to file a late answer or otherwise plead by defendants Tim Case and TC Unlimited, Inc. ("the Case defendants") (doc. 21),  the plaintiff's motions for default judgment as to the Case defendants (doc. 35) and as to all defendants (doc. 49), and the plaintiff's motions to strike the Case defendants' motion (doc. 34) and to strike the Case defendants' response in opposition to the plaintiff's motion for default judgment (doc. 48).  This is a civil action filed by a *pro se* litigant. Under Local Civil Rule 73.02(B)(2) (D.S.C.), pretrial proceedings in this action have been referred to the undersigned United States Magistrate Judge.

      The plaintiff filed this action on July 23, 2015 (doc. 1).  In his complaint, the plaintiff raises claims against his former employer as well as attorneys, law firms, insurance representatives, and a doctor who are or were involved in his claim before the South Carolina Workers' Compensation Commission ("the Commission"), which is still pending. Defendant Tim Case is the owner and registered agent of defendant TC Unlimited, Inc., a landscaping company that employed the plaintiff.

The Case defendants were served with the summons and complaint on August 10, 2015 (doc. 20). Accordingly, their answer was due by August 31st. *See* Fed. R. Civ. P. 12(a)(1). On September 4th, the Case defendants filed a motion for leave to file a late answer or otherwise plead (doc. 21). On September 18th, the plaintiff filed a motion to strike the Case defendants' motion (doc. 34) as well as a motion for default judgment against the Case defendants (doc. 35). On September 23rd, the Case defendants filed their response in opposition to the motion for default judgment (doc. 38). On October 6th, the plaintiff filed a motion to strike the Case defendants' response in opposition to the motion for default judgment (doc. 48) and a motion for default judgment as to all defendants[1] (doc. 49). On October 8th, the Case defendants filed responses in opposition to the motion to strike (doc. 54) and to the motion for default judgment as to all defendants (doc. 56). Also pending before the undersigned are several motions to dismiss filed by the other defendants in this case. The motions to dismiss will be considered by separate Report and Recommendation.

In the motion for leave to file a late answer or otherwise plead and in opposition to the motions for default judgment, defendant Tim Case states that he thought the summons and complaint were part of the ongoing workers' compensation case (*see* doc. 38-1, Case aff. ¶ 21). He provided a copy of those papers to his workers' compensation attorney, Wesley J. Shull (*id.* ¶ 22). Mr. Case thought the matter had been taken care of by Mr. Shull, but he later learned that Mr. Shull was also a defendant in this action and could not file an answer on Mr. Case's behalf (*id.*). Due to the confusion regarding representation, neither an answer nor a motion to dismiss was filed by the 21-day deadline of August 31st. Defense of this matter was sent to Clawson & Staubes law

---

[1] In this second motion for default judgment, the plaintiff states that he seeks default judgment "as to defendants (all but fewer)" (doc. 49 at 1). However, his arguments pertain only to the Case defendants (*id.* at 2-3). Moreover, it appears that the other defendants all timely filed their motions to dismiss (*see* docs. 12, 17, 20, 22, 28). Out of an abundance of caution, however, the other defendants also filed responses in opposition to the second motion for default judgment (*see* docs. 53, 66, 68).

firm on September 2nd. Those attorneys then filed the motion for leave to file a late answer or otherwise plead on September 4th, within four days of the deadline for the answer.

Pursuant to Federal Rule of Civil Procedure 6(b), the court may, "for good cause, extend the time" to respond to the complaint "on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). To determine whether the delay is excusable, a court looks to: "'[1] danger of prejudice to the [opposing party], [2] the length of delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was within the reasonable control of the movant, and [4] whether the movant acted in good faith.'" *Gaskins v. BFI Waste Servs., LLC*, 281 F. App'x 255, 260 (4th Cir. 2008) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)).

Here, all of the factors weigh in favor of allowing the Case defendants to file a late answer or otherwise plead. The delay was very short and was as a result of confusion regarding legal representation, there is no danger of prejudice to the plaintiff, and there is no indication that the Case defendants acted with anything other than good faith. Accordingly, the Case defendants' motion (doc. 21) should be granted. For these same reasons, the plaintiff's motions for default judgment (doc. 35) as to the Case defendants and as to all defendants (doc. 49) should be denied. Furthermore, the plaintiff's motions to strike the Case defendants' motion (doc. 34) and to strike the Case defendants' response in opposition to the first motion for default judgment (doc. 48) are meritless and should also be denied.[2]

IT IS SO RECOMMENDED.

s/ Kevin F. McDonald
United States Magistrate Judge

October 21, 2015
Greenville, South Carolina

---

[2]The undersigned would normally rule on these nondispositive motions; however, as the motions relate to the motions for default judgment, they have therefore been included in the recommendation.

3