IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Armando Despaigne Zulveta, ) <br> ) <br>                   Plaintiff, ) <br> ) <br>     vs.                                         ) <br> ) <br> TC Unlimited, Inc. and          ) <br> Tim Case,                             ) <br> ) <br>                   Defendants. ) <br> ) | Civil Action No. 6:15-2880-HMH-KFM <br><br> **REPORT OF MAGISTRATE JUDGE** |

       This matter is before the court on the defendants' motion for sanctions (doc. 141). Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(A) and Local Civil Rule 73.02(B)(2)(e) (D.S.C.), all pretrial matters in cases involving *pro se* litigants are referred to a United States Magistrate Judge for consideration.

       By order entered December 21, 2015, the Honorable Henry M. Herlong, Jr., Senior United States District Judge, dismissed the other named defendants in this action, with the case proceeding solely on the retaliation claim alleged against defendants TC Unlimited, Inc., and Tim Case (doc. 105). On January 19, 2017, the remaining defendants filed the instant motion seeking sanctions against the plaintiff including costs and dismissal of the case *with prejudice* or, in the alternative, for sanctions and an extension of the scheduling order (doc. 141). The plaintiff filed a response in opposition on January 27, 2017 (doc. 147), and the defendants filed a reply on January 30, 2017 (doc. 150). As the plaintiff is proceeding *pro se*, on February 2, 2017, the undersigned issued an order (doc. 151) advising the plaintiff of the consequences if he failed to respond adequately to the defendants' motion for sanctions and giving the plaintiff an additional 21 days to file

response to the defendants' motion.[1]  Thereafter, the plaintiff filed several documents that appear to be in response to the defendants' motion for sanctions and the *Roseboro* order. The documents include the plaintiff's own motion for sanctions (doc. 153), a motion for a scheduling conference before Judge Herlong (doc. 157), an "appeal" of the *Roseboro* order (doc. 158), and a document entitled "Judicial Notice" (doc. 165).  The defendants then filed a response in opposition to the plaintiff's motion for sanctions (doc. 159).

## BACKGROUND

On August 24, 2016, Judge Herlong entered a scheduling order providing that discovery in this case shall be completed no later than February 6, 2017 (doc. 118). According to the affidavit provided by defense counsel, he made multiple efforts to schedule the plaintiff's deposition at a mutually agreeable time prior to the discovery deadline (doc. 141-2, Domin aff.¶ 2).  The plaintiff's cryptic responses and lack of cooperation led the defendants' counsel to notice the plaintiff's deposition for January 11, 2017, in Greenville, South Carolina (*id.*; *see also* doc. 141-3, notice of dep.).  This led to several emails from the plaintiff that made no sense (doc. 141-2, Domin aff. ¶ 3; doc. 141-4).

On January 6, the defendants' counsel wrote:

Mr. Zulveta:

\*\*\*

[A]ll of the materials I have gotten since I noticed your deposition including this email today and the last email do not make any sense to me.

Let me reiterate that after requesting multiple times a mutually agreeable deposition date with no success, I set your deposition for next week, January 11, 2017 at 11:00 a.m. at my offices at Clawson & Staubes, 1000 E. North Street, Suite 200, Greenville, SC and properly notice the same. I will have a court reporter, a certified Spanish-English translator and myself

---

[1] The order was issued in accordance with *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), which requires the court to provide notice of the dismissal/summary judgment procedures to *pro se* litigants.  As the defendants seek dismissal of the plaintiff's case in sanction for the plaintiff's failure to attend his deposition, the undersigned determined that notice should be provided to the plaintiff of the requirements of the Federal Rules and the possible consequences if he failed to respond adequately.

>there---all at my expense---for the purposes of taking your deposition. If you fail to attend, I will seek to charge you any costs incurred together with any other sanctions that the Court deems proper.
>
>If you are not planning to attend, please clearly advise so that I do not waste the time of those persons and myself. I will take it up with the Court.

(Doc. 141-4 at 4)

This prompted the plaintiff to send an email indicating that he was thinking of deposing "Donald [Trump], The Governor, and [Ben] Carson . . . among many others" (*id.* at 3). The defendants' counsel responded, "Does that message mean you will be attending your deposition on Jan. 11 or not?" (*id.* at 2). The plaintiff thereafter responded on January 10, stating:

>On my legal papers I addressed to you that having so much people for deposition that there is no need to Plaintiff-Appellant Zulveta to assist it. I would have to call for deposition among others 22 employees that TC Unlimited Inc, and Tim Case they have. Also, the director of your hospitals I will subpoena, and Dr. Baumgarten, and Nurse Angel Bennett, and Therapy Brad, and attorney Robert Foster for defamation of our good governor Nikkie Haley who provide us the job that Chairman Beck and Commissioner Campbell behind her back they take from us. And you know Donald, he gots elected President of The United States just for repeat what I had prior said. And additional as employer and owner of Donald Trump's empire he should be allowed to express his expertise as private citizen he being the Mogul of jobs creation, or for his presidential agenda workers class which he has being so successful and advocate for us worker class people who have being so exploited for so long (particularly injured workers).

(*Id.*).

Defense counsel replied on January 10 as follows:

Are you coming to your duly noticed deposition tomorrow or not? Please answer yes or no.

None of your e-mails answer this question other than your stating that "there is no need for Plaintiff-Appellant Zulveta to assist in it". That is not your decision to make. Your desire not to assist in your deposition does not change that I have a right

3

> to take your deposition to find out about your claims and evidence.
>
> Absent a clear answer from you, I will be forced to drive to Greenville to show up. So will two other hard working people----the independent court reporter and independent translator. If you fail to show, I will immediately move for sanctions in connection with said failure and will shift the cost to you of the failed effort. If you tell me that you are not attending, I will still move for sanctions and other relief. But I will cancel the court reporter and translator and will not drive to Greenville.

(*Id*. at 1).

The plaintiff replied on January 10, stating in pertinent part, "Let me know if you can have all of them early on January 11, 2016 so I can be there tomorrow on time" (doc. 141-5 at 2). The defendants' counsel responded that he would see the plaintiff the next day at his Greenville office at 11:00 a.m. (*id*. at 1). The plaintiff responded, "Take a good seat and wait on me. I already told you of what is going on. Worry about stop sabotage your fax machine" (*id*.). The defendants' counsel responded, stating in pertinent part:

> Based on your positive comment that you will be there "tomorrow on time," I look forward to seeing you. If you are not present, I cannot simply await an arrival from you for an indefinite time. If you fail to attend, it is customary to wait approximately 10-15 minutes and then we will depart. Please note that you can find maps online on my firm's website or from a variety of mapping programs.

(*Id*.)

The plaintiff responded with additional nonsensical emails (doc. 141-6) that did not address his attendance but rather his efforts to mail documents, to which defense counsel responded, "You don't need to mail it because I will see you tomorrow! I look forward to discussing all of your evidence and exhibits with you in your deposition tomorrow" (doc. 141-6 at 1).

On the date of the deposition, the plaintiff did not appear. The court reporter, translator, and defense counsel waited approximately 20 minutes. The plaintiff did not

4

present himself that day or at any later point in the day (doc. 141-2, Domin aff. ¶ 4). Defense counsel has submitted an affidavit and invoices showing that as a result of the plaintiff's failure to attend his deposition the defendants have incurred the following costs and expenses: 1) $126.00 court reporter appearance fee and transcript of failure to appear (doc. 141-7); 2) $150.00 interpreter fee (doc. 141-8); 3) $1050.00 defense counsel fee for travel to Greenville, waiting, and return to office (7.5 hours at a rate of $140 per hour)[2]; and 4) $280.00 defense counsel fee for preparing for deposition (2.0 hours at a rate of $140 per hour) (doc. 141-2, Domin aff. ¶ 5). In addition, defense counsel drafted the instant motion, memorandum, and affidavit, which incurred another $280.00 in attorney fees (2.0 hours at a rate of $140 per hour) (*id.*). In total, the defendants state that they have incurred $1886.00 in costs and expenses.

In his response in opposition to the defendants' motion (doc. 147) and other filings (*see* docs. 152, 153, 157 158, 166), the plaintiff asks that the court "initiate a parallel criminal investigation" against the defendants and their counsel "for death threat against a party to a civil proceeding as well as Electronic Wire Fraud" (doc. 147 at 1; *see also* doc. 147-1). Among other statements and allegations that are difficult to understand, the plaintiff alleges that the "Greenville Division District Court has suppress[ed] from Docket Sheet Plaintiff-Appellant Zulveta's legal documents filed in court" and that certain state court judges tried to assassinate him in court (doc. 147-1 at 2-3). In his motion for sanctions, the plaintiff asks that the court dismiss the defendants' "fraudulent case" (doc. 153) and not "allow defendants' attorney to continuous to prosecute this racketeer and extorsionist case where a party to a civil proceeding in court and his family is psychologically coerced by death threat placed upon us" (doc. 153-1 at 2). The plaintiff complains that he was unable to successfully send documents by fax to defense counsel (doc. 147-1 at 2) and that he requested but did not receive from defense counsel the names of the defendants' experts

---

[2]Defense counsel apparently traveled from Charleston, as that is where his office is located.

5

so that he could subpoena them for deposition (doc. 153-1 at 3).[3] The plaintiff attached to one filing a copy of an email from defense counsel dated February 7, 2017 (doc. 165-1). In that email, defense counsel acknowledged receiving a fax from the plaintiff in which the plaintiff offered to be deposed in Charlotte on February 13th (*id.*). Defense counsel stated that the date would not work and noted that the plaintiff's failure to appear for his previously scheduled deposition had resulted in costs and expenses that are the subject of the current motion (*id.*).

In their response in opposition to the plaintiff's motion for sanctions (doc. 159), the defendants note that the plaintiff has not served them with any discovery request, and he has not verbally requested production of anything. The defendants further note that the plaintiff has stated in the past that he wanted to depose defendant Case, and defense counsel told him that would be fine, but the plaintiff would be responsible for court reporter and translator costs for any depositions he notices. The plaintiff has not served any notice of deposition (*id.* at 2; *see also* docs. 141-4, 141-5, 141-6).

## **APPLICABLE LAW AND ANALYSIS**

Federal Rule of Civil Procedure 37(b)(2)(A) governs the appropriate sanctions for failure to obey a discovery order, stating in pertinent part: "If a party . . . fails to obey an order to provide or permit discovery, including an order under Rule 26(f) . . . , the court where the action is pending may issue further just orders. They may include the following: . . . (v) dismissing the action or proceeding in whole or in part; . . . ." Fed. R. Civ. P. 37(b)(2)(A). Rule 37(d) provides that a party's failure, after being served with proper notice, to attend his own deposition or answer discovery may be sanctioned by the court as provided in Rule 37(b)(2)(A). *Id.* 37(d)(3).

A court should consider the following factors in determining what sanctions to impose under Rule 37: "(1) whether the non-complying party acted in bad faith; (2) the

---

[3] Notably, under the current scheduling order, the defendants' identification of expert witnesses was due by January 6, 2017 (doc. 118). As no such identification was filed by the defendants, it does not appear that they intend to call an expert at trial.

amount of prejudice his noncompliance caused his adversary, which necessarily includes an inquiry into the materiality of the evidence he failed to produce; (3) the need for deterrence of the particular sort of noncompliance; and (4) the effectiveness of less drastic sanctions." *Mut. Fed. Sav. and Loan Ass'n v. Richards & Assocs. Inc.*, 872 F.2d 88, 92 (4th Cir. 1989).

The undersigned finds that the appropriate remedy is dismissal of the instant action. Not only has the plaintiff failed to appear for his properly noticed deposition without explanation, the record before the court shows that he deliberately made statements suggesting he would be present and that appear designed to mislead defense counsel. He was asked repeatedly to clarify his position, and he chose to tell counsel to "take a good seat and wait" on him and discussed wanting to be "on time tomorrow." The undersigned has reviewed the plaintiff's response in opposition to the defendants' motion (doc. 147) along with the numerous other filings by the plaintiff (*see* docs. 152, 153, 157 158, 165), and the plaintiff has failed to provide an explanation or excuse for his failure to attend the deposition. Instead, the plaintiff makes unsubstantiated allegations against defense counsel and numerous other persons who are in no way involved in this case.

Further, the defendants have expended significant time, money, and resources in preparing for, traveling to, and attending the plaintiff's deposition. Defense counsel clearly warned the plaintiff that failure to attend would result in expenses of a court reporter, an interpreter, and attorney fees, and counsel would seeks sanctions from the court including those costs. The discovery period provided in the scheduling order has now closed, and the plaintiff's failure to appear for his deposition has interfered with the defendants' ability to obtain any information from the plaintiff about his claims. Moreover, the plaintiff's conduct in refusing to appear for his deposition demonstrates a failure to prosecute his own action, which has impeded the defendants' ability to complete discovery and to prepare their defense in this action.

In the modified *Roseboro* order filed on February 2, 2017, the undersigned explained that the defendants have moved for sanctions under Rule 37 based on the

plaintiff's failure to attend his deposition. The applicable standards for the court's consideration under the Federal Rules were set out in the order as well as a clear warning to the plaintiff that if he failed "to respond adequately, the court may grant the defendants' motion, which may end your case" (doc. 151 at 2). As discussed above, the plaintiff has failed to provide any excuse or explanation for his conduct. It is of no significance that the plaintiff is proceeding *pro se* in this matter, as *pro se* litigants are subject to the same requirements as other litigants. *See Ballard v. Carlson*, 882 F.2d 93, 96 (4th Cir. 1969) (stating that *pro se* litigants are subject to the same respect for court orders as other litigants). Notably, this case has been delayed by the plaintiff's repeated frivolous filings and appeals, including an appeal of the scheduling order itself and a recently-filed appeal of the modified *Roseboro* order (*see* docs. 123, 140, 158).

The undersigned further finds that sanctions less drastic than dismissal, such as monetary sanctions, would not be appropriate in this case as the plaintiff claims to have no assets and no income whatsoever (*see* doc. 98).

As noted above, the plaintiff has also moved for sanctions under Rule 37 against the defendants (doc. 153).[4] The plaintiff has failed to substantiate his allegations that the defendants failed to provide him with the names of their "experts" or that the defendants in any way failed to respond to discovery requests. Accordingly, the motion should be denied.

---

[4] In his motion, the plaintiff requests "dismissal of TC Unlimited Inc. and Tim Case's case" (doc. 153-1 at 1).

## CONCLUSION AND RECOMMENDATION

Wherefore, based upon the foregoing,

IT IS RECOMMENDED that the defendants' motion for sanctions (doc. 141) be granted as to the request that the case be dismissed *with prejudice* and denied as to the request for costs and expenses incurred as a result of the plaintiff's failure to attend his deposition. The undersigned further recommends that the plaintiff's motion for sanctions (doc. 153) be denied.  Should the district court adopt this recommendation, the pending nondispositive motions will be rendered moot.

IT IS SO RECOMMENDED.

s/Kevin F. McDonald
United States Magistrate Judge

February 9, 2017
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 300 East Washington Street
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).