IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Armando Despaigne Zulveta, | ) | C.A. No. 6:15-2880-HMH-KFM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **OPINION & ORDER** |
| | ) | |
| TC Unlimited, Inc., | ) | |
| Tim Case, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court with the Report and Recommendation of United States Magistrate Judge Kevin F. McDonald, made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 of the District of South Carolina.[1]  Armando Despaigne Zulveta ("Zulveta"), proceeding pro se, asserts claims against TC Unlimited, Inc. ("TC Unlimited") and Tim Case ("Case") (collectively "Defendants") for retaliation, in violation of Title VII of the Civil Rights Act of 1964 ("Title VII").  Defendants filed a motion requesting sanctions against Zulveta for Zulveta's failure to appear at a properly noticed deposition.  Zulveta seeks sanctions for various alleged misconduct by Defendants and defense counsel.  Magistrate Judge McDonald recommends denying Zulveta's motion for sanctions, granting Defendants' motion for sanctions, and dismissing the case with prejudice.

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court.  Mathews v. Weber, 423 U.S. 261, 270 (1976).  The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made.  The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit it with instructions.  28 U.S.C. § 636(b)(1).

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Zulveta was employed by TC Unlimited and alleges that Defendants retaliated against Zulveta for filing a worker's compensation claim. (Compl., generally, ECF No. 1.) Zulveta filed the instant case on July 23, 2015. (Id., ECF No. 1.) On August 24, 2016, the court entered a scheduling order providing that discovery shall be completed no later than February 6, 2017. (Feb. 6, 2017 Order, ECF No. 118.) Defense counsel alleges that he made multiple efforts to schedule Zulveta's deposition at a mutually agreeable time prior to the discovery deadline, but Zulveta was uncooperative. (Def. Mot. for Sanctions Ex. 1 (Domin Aff. ¶¶ 2-3), ECF No. 141-2.) On December 16, 2016, defense counsel noticed Zulveta's deposition for January 11, 2017, in Greenville, South Carolina. (Id. Ex. 2 (Notice of Dep.), ECF No. 141-3.) Zulveta sent a series of emails to defense counsel on January 6, 2017, which appear to accuse the court of colluding with defense counsel, and state that Zulveta was considering deposing a number of unrelated third parties. (Id. Ex. 3 (First Set of Emails 3-6), ECF No. 141-4.) In response, defense counsel responded, "Does that message mean you will be attending your deposition on Jan. 11 or not?" (Id. Ex. 3 (First Set of Emails 2), ECF No. 141-4.) On January 10, 2017, Zulveta sent several unresponsive emails, wherein he reiterated his intent to depose a variety of unrelated third parties. (Id. Ex. 3 (First Set of Emails 1-2), ECF No. 141-4.) Defense counsel replied on January 10, stating:

Are you coming to your duly noticed deposition tomorrow or not? Please answer yes or no.

None of your e-mails answer this question other than your stating that "there is no need for Plaintiff-Appellant Zulveta to assist in it." That is not your decision to make. Your desire not to assist in your deposition does not change that I have a right to take your deposition to find out about your claims and evidence.

> Absent a clear answer from you, I will be forced to drive to Greenville to show up.  So will two other hard working people----the independent court reporter and independent translator.  If you fail to show, I will immediately move for sanctions in connection with said failure and will shift the cost to you of the failed effort.  If you tell me that you are not attending, I will still move for sanctions and other relief.  But I will cancel the court reporter and translator and will not drive to Greenville.

(Def. Mot. Sanctions Ex. 3 (First Set of Emails 1), ECF No. 141-4.)  Zulveta replied the same day, requesting defense counsel "[l]et me know if you can have [requested documents] early on January 11, 2016 so I can be there tomorrow on time."  (Id. Ex. 4 (Second Set of Emails 2), ECF No. 141-5.)  Defense counsel replied "I look forward to seeing you at my Greenville office tomorrow at 11 a.m."  (Id. Ex. 4 (Second Set of Emails 1) ECF No. 141-5.)  Zulveta replied, in pertinent part, "Take a good seat and wait on me."  (Id. Ex. 4 (Second Set of Emails 1) ECF No. 141-5.)  Finally, defense counsel replied, in pertinent part:

> Based on your positive comment that you will be there "tomorrow on time," I look forward to seeing you.  If you are not present, I cannot simply await an arrival from you for an indefinite time.  If you fail to attend, it is customary to wait approximately 10-15 minutes and then we will depart.  Please note that you can find maps online on my firm's website or from a variety of mapping programs.

(Id. Ex. 4 (Second Set of Emails 1) ECF No. 141-5.)  In response, Zulveta sent a series of emails again accusing defense counsel of various misconduct and discussed the mailing of several documents.  (Def. Mot. Sanctions Ex. 5 (Third Set of Emails 1-2), ECF No. 141-6.)  Defense counsel replied: "You don't need to mail it because I will see you tomorrow!  I look forward to discussing all of your evidence and exhibits with you in your deposition."  (Id. Ex. 5 (Third Set of Emails 1), ECF No. 141-6.)

On January 11, 2017, Zulveta did not appear for his deposition, nor did he arrive at any point that day. (Id. Ex. 1 (Domin Aff. ¶ 4), ECF No. 141-2.) Defense counsel has submitted an affidavit and invoices showing that Defendants have incurred the following costs and expenses: (1) $126.00 for the court reporter's appearance fee and transcript; (2) $150.00 for the interpreter's appearance fee; and (3) $1,610 in attorney's fees for travel to and from Greenville, time spent waiting, preparation for the deposition, and drafting the Defendant's motion for sanctions. (Id. Ex 1 (Domin Aff. ¶ 5), ECF No. 141-2.)

On February 6, 2017, Zulveta sent several fax messages to defense counsel requesting that his deposition be rescheduled for February 13, 2017, in Charlotte, North Carolina. (Pl. Supp. Mot. Sanctions Ex. 1 (Feb. 7, 2017 Email), ECF No. 165-1.) Defense counsel stated that he was unavailable that day and was not willing to reschedule Zulveta's deposition because Zulveta had not reimbursed his client for the costs of the previous deposition and defense counsel did not believe that Zulveta's offer was sincere. (Id. Ex. 1 (Feb. 7, 2017 Email), ECF No. 165-1.)

On January 19, 2017, Defendants filed the instant motion seeking sanctions against Zulveta including costs and dismissal of the case with prejudice, or, in the alternative, for sanctions and an extension of the scheduling order. (Def. Mot. Sanctions, ECF No. 141.) Zulveta filed a response in opposition on January 27, 2017. (Resp. Opp'n Def. Mot. Sanctions, ECF No. 147.) On January 30, 2017, Defendants replied. (Def. Reply, ECF No. 150.) The magistrate judge issued a Roseboro order[2] on February 2, 2017, warning Zulvetta of the

---

[2] Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975).

consequences of failing to adequately explain his failure to attend his deposition.  (Feb. 2, 2017 Order, ECF No. 151.)

On February 2, 2017, Zulveta filed his own motion for sanctions.  (Pl. Mot. Sanctions, ECF No. 153.)  Additionally, Zulveta appealed the magistrate judge's Roseboro order on February 6, 2017.  (Feb. 6, 2017 Notice of Appeal, ECF No. 158.)  On February 6, 2017, Defendants responded to Zulveta's motion.  (Resp. Opp'n Pl. Mot. Sanctions, ECF No. 159.) Zulveta filed a supplement to his motion on February 7, 2017.  (Pl. Supp. Mot. Sanctions, ECF No. 165.)

On February 9, 2017, Magistrate Judge McDonald recommended denying Plaintiff's motion for sanctions, granting Defendant's motion for sanctions, and dismissing the case with prejudice.  (R&R, ECF No. 169.)  On February 14, 2017, Zulveta filed objections to the Report and Recommendation.  (Objs., ECF No. 177.)  On February 22, 2017, Zulveta filed a supplement to his objections.  (First Supp. Objs., ECF No. 178)  Defendants responded to Zulveta's objections on February 22, 2017.[3]  (Resp. Objs., ECF No. 179.)  On March 3, 2017, Zulveta filed a second supplement to his objections.  (Second Supp. Objs., ECF No. 182.) Zulvetta filed a third supplement on March 6, 2017.  (Third Supp. Objs., ECF No. 184.)  This matter is ripe for consideration.

---

[3] In addition to responding to Zulveta's objections, Defendants object that the magistrate judge erred by recommending dismissal without prejudice, rather than dismissal with prejudice, as the appropriate sanction for Zulveta's misconduct.  (Resp. Objs 1-3, ECF No. 178.)  However, the magistrate judge recommended dismissing the case with prejudice. (R&R 9, ECF No. 169.)  Therefore, the court treats Defendants' motion as a response to Zulveta's objections.

## II. DISCUSSION OF THE LAW

### A. Standard for Sanctions

Imposition of sanctions under Rule 37(b) of the Federal Rules of Civil Procedure lies within the court's discretion. <u>See</u> <u>Hathcock v. Navistar Int'l Transp. Corp.</u>, 53 F.3d 36, 40 (4th Cir. 1995). Rule 37(b)(2)(A) states: "If a party . . . fails to obey an order to provide or permit discovery, including an order under Rule 26(f) . . . , the court where the action is pending may issue further just orders. They may include the following: . . . (v) dismissing the action or proceeding in whole or in part . . . . Fed. R. Civ. P. 37(b)(2)(A). Additionally, Rule 37(b)(2)(C) states, "[i]nstead of or in addition to the orders above, the court must order the disobedient party . . . to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C). In determining whether to impose sanctions under Rule 37, the court should consider:

> (1) whether the non-complying party acted in bad faith; (2) the amount of prejudice his noncompliance caused his adversary, which necessarily includes an inquiry into the materiality of the evidence he failed to produce; (3) the need for deterrence of the particular sort of noncompliance; and (4) the effectiveness of less drastic sanctions.

<u>Mut. Fed. Sav. & Loan Ass'n v. Richards & Assocs. Inc.</u>, 872 F.2d 88, 92 (4th Cir. 1989).

### B. Objections

Zulveta filed objections to the Report and Recommendation. Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. <u>See</u> <u>United States v. Schronce</u>, 727 F.2d 91, 94 & n.4 (4th Cir.

6

1984).  In the absence of *specific* objections to the Report and Recommendation of the magistrate judge, this court is not required to give any explanation for adopting the recommendation.  See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).  Upon review, the court finds that many of Zulveta's objections are non-specific, unrelated to the dispositive portions of the magistrate judge's Report and Recommendation, or merely restate his claims.  However, the court was able to glean several specific objections.  Zulvetta objects that the magistrate judge erred by (1) finding that defense counsel has not acted improperly, and (2) recommending dismissal as an appropriate remedy.

### 1. Zulveta's Motion for Sanctions

Zulveta argues that the magistrate judge erred in finding that his motion for sanctions was without merit.  (Objs., generally, ECF No. 178.)  Zuveta alleges that defense counsel has refused to schedule a date for Zulveta's deposition, prevented Zulveta from serving discovery documents, intimidated Zulveta, and made false statements to the court and Zulveta.  (Objs., generally, ECF No. 178.)  In support of his allegations, Zulveta attaches several fax message receipts, several of which show that several fax messages were not successfully sent because the receiving fax machine was busy.  (Pl. Mot. Sanctions Ex. 2 (Supporting Docs. 7-12), ECF No. 153-3.)  Additionally, Zulveta attaches defense counsel's February 7, 2017 email, wherein defense counsel refused to reschedule Zulveta's deposition for February 13, 2017.  (Pl. Supp. Mot. Sanctions Ex. 1 (Domin Email), ECF No. 165-1.)  Additionally, Zulveta describes difficulty he has had with related matters before South Carolina courts and the South Carolina Worker's Compensation Commission.  (Second Supp. Objs. 1-3, ECF No. 182.)

Zulveta's objections regarding his request for sanctions against defense counsel are wholly without merit.  The court finds many of Zulveta's allegations are not credible and that nothing Zulveta submits demonstrates that defense counsel has acted improperly.  As a result, the magistrate judge did not err in recommending dismissal of Zulveta's motion for sanctions.

### 2. Defendant's Motion for Sanctions

Zulveta argues that dismissal with prejudice is an inappropriate sanction because he has attempted to comply with discovery requests, attempted to schedule his deposition both before and after his missed deposition, and other adequate remedies are available.  (Objs., generally, ECF No. 178).  Additionally, Zulveta argues that defense counsel's own misconduct should be factored into the court's consideration of any sanctions.  (Id., ECF No. 184.)

The magistrate judge did not err in finding that dismissal with prejudice was the appropriate remedy for Zulveta's failure to attend his deposition.  The day before the deposition, Zulveta assured defense counsel that he would attend the deposition.  Defense counsel made it abundantly clear that if Zulveta failed to attend, he would seek sanctions.  Zulveta has never attempted to justify his failure to attend his deposition in any of his numerous filings, or when he was warned of the consequences of failing to adequately respond to Defendant's motion for sanctions by the magistrate judge's Roseboro order.  At best, Zulveta appears to be attempting to explain his decision not to attend his deposition in his January 10, 2017, correspondence with defense counsel, wherein Zulveta stated that the

> [o]nly way I can beat you is doing something different like take your judges from you like Donald [Trump] did something different with the election in order to win.  How can I beat you fighting in your own legal professionalism field which I don't know nothing about it?  U c?  Free advise for you soft boy.

8

(Def. Mot. Summ. J. Ex. 5 (Third Set of Emails 1), ECF No. 141-6.)  Based upon Zulveta's actions and failure to provide any explanation for his failure to attend his deposition, the court concludes Zulveta has acted in bad faith.

Similarly, the court finds that Defendants have been materially prejudiced by Zulveta's non-compliance with discovery.  Zulveta's failure to appear for his deposition has prevented Defendants from timely discovering the bases of Zulveta's allegations and the discovery period has lapsed with substantial matters left unresolved.  Additionally, Defendants have expended significant time, money, and resources preparing for and traveling to Zulveta's deposition.  Further, Zulveta has failed to give adequate assurances that he will comply with discovery in the future and, therefore, Defendants will continue to be prejudiced by Zulveta's actions.

Lastly, the court finds that dismissal of the case is the only adequate remedy available.  Zulveta has previously claimed to have no assets or income and therefore monetary sanctions would not be appropriate.  (See Mot. for Leave to Proceed in forma pauperis, ECF No. 98.)  Additionally, less serious remedies are inadequate because Zulveta's repeated conduct throughout this case demonstrates that he is unwilling to cooperate in completing discovery.  Therefore, the court finds that dismissal with prejudice is the only appropriate remedy for Zulveta's misconduct.

After a thorough review of the Report and Recommendation and the record in this case, the court adopts Magistrate Judge McDonald's Report and Recommendation and incorporates it herein.  Based on the foregoing, the court grants Defendants' motion for sanctions and dismisses Zulveta's complaint with prejudice

It is therefore

**ORDERED** that Zulveta's motion for sanctions, docket number 153, is denied.  It is further

**ORDERED** that Defendants' motion for sanctions, docket number 141, is granted and Zulveta's complaint is dismissed with prejudice.  It is further

**ORDERED** that Zulveta's motion for a hearing regarding the Scheduling Order, docket number 157, is denied as moot.

**IT IS SO ORDERED.**

s/Henry M. Herlong, Jr.
Senior United States District Judge

Greenville, South Carolina
March 13, 2017

**NOTICE OF RIGHT TO APPEAL**

The Plaintiff is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.